UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM ROUNDS,

                        Plaintiff,

                                                          9:12-CV-953

v.

                                                          (GLS/TWD)

C.O. THOMPSON, CORRECTION OFFICER;
BRIAN FISCHER, COMMISSIONER, NYS
DEPARTMENT OF CORRECTION AND
COMMUNITY SERVICE,

                       Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

WILLIAM ROUNDS
Plaintiff *pro se*
8 Pine Ridge Circle
North Syracuse, New York 13212

HON. ERIC T. SCHNEIDERMAN                KEVIN P. HICKEY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Counsel for Defendant Fischer
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      This *pro se* civil rights action commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c). Plaintiff William Rounds has asserted an Eighth Amendment claim for excessive force against Defendant Thompson, a Corrections Officer at the Oneida Correctional Facility ("Oneida") during the time

period relevant to the claim. (Dkt. No. 1.) Plaintiff has alleged a claim for negligent hiring, training, discipline, and retention of Thompson against Brian Fischer ("Fischer"), Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"). *Id.* Defendant Fischer filed an Answer to Plaintiff's Complaint (Dkt. No. 21) and now moves for judgment on the pleadings in his favor pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 25.) Plaintiff has not filed papers opposing Fischer's motion. For the reasons that follow, I recommend that Defendant Fischer's motion be granted.

## I. BACKGROUND[1]

### A. Defendant Thompson

In March of 2011, Plaintiff was an inmate confined at Oneida. (Dkt. No. 1 at ¶ 1.) On March 28, 2011, Plaintiff was working in Cook-Chill, a food service program owned and operated by DOCCS. *Id*. at ¶ 8. Defendant Corrections Officer Thompson was assigned to supervise the area in which Plaintiff was working. *Id*. at ¶ 9.

According to Plaintiff, while he was performing his duties, Thompson began swearing at him and ordered him into a nearby bathroom. *Id.* at ¶ 10. Once in the bathroom, Thompson called Plaintiff "a piece of shit" and accused him of being a lazy worker. *Id*. at ¶ 11. When Plaintiff denied being lazy, Thompson became infuriated and pushed Plaintiff hard against a wall, causing Plaintiff to fall to the floor in pain. *Id*. at ¶¶ 12-13. Thompson then grabbed Plaintiff by the throat and began choking him, continuing as Plaintiff gasped for air and neared unconsciousness. *Id*. at ¶¶ 14-17, 19. Thompson is alleged to have told Plaintiff while he was

---

[1] The background facts, taken from Plaintiff's Complaint, are accepted as true for purposes of this motion. *See Sheppard v. Beerman*, 94 F.3d 823, 827 (2d Cir. 1996) (in deciding a Rule 12(c) motion, "all allegations in the complaint must be accepted as true . . . .")

choking him that "this is what I used to do when I was 21 [yrs. old] working at Sing Sing." *Id*. at ¶ 17. Upon releasing the choke hold, Thompson forced Plaintiff to stand, grabbed the back of his neck, and smashed his face into the wall. *Id*. at ¶¶ 22-24.

After being taken to the Oneida infirmary where Plaintiff was treated for what he has described as injuries to his neck, face, and head, he was placed in punitive segregation pending a disciplinary proceeding on a misbehavior report filed by Thompson claiming that Plaintiff had assaulted him. *Id*. at ¶¶ 29-30, 36. According to Plaintiff, the charges in the misbehavior report were dismissed several days later on the grounds that they were unsubstantiated and not credible, and an internal investigation was conducted concerning the force used by Thompson. *Id*. at ¶¶ 31-32. Plaintiff has alleged upon information and belief that Thompson had an extensive history of assaulting inmates but was nonetheless allowed by Defendant Fischer to remain employed during the investigation. *Id*. at ¶ 33.

In July of 2011, Plaintiff attended an arbitration hearing held for the purpose of determining whether Thompson had used excessive force. *Id*. at ¶ 33. Plaintiff believes that Thompson's employment with DOCCS was terminated following the arbitration hearing. *Id*. at ¶ 35.

### B. Defendant Fischer

Plaintiff has alleged that Defendant Fischer, as DOCCS Commissioner, is responsible for operating a number of New York correctional facilities, and through his senior officials, promulgates and implements policies, including those with respect to the use, reporting and investigation of force by uniformed staff. *Id*. at ¶ 7. Plaintiff claims that Fischer's senior officials at DOCCS are aware of and tolerate certain practices by subordinate employees in

3

correctional facilities, including some which are inconsistent with formal policy. *Id*. Because these practices are "wide-spread, long-standing, and deeply embedded in the culture of DOCCS," they constitute unwritten policies or customs. *Id.* Plaintiff has also alleged that Fischer is responsible for the "appointment, training, supervision, and conduct of all DOCCS personnel, including Thompson. *Id*.

Plaintiff contends that Thompson was unfit and incompetent for his position, and that Fischer knew or should have known through the exercise of reasonable diligence that Thompson was potentially dangerous. *Id*. at ¶¶ 44-45. Plaintiff has alleged upon information and belief that Fischer was negligent in "screening, hiring, training, disciplining, and retaining" Thompson. *Id.* at ¶ 46.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint in this matter on June 12, 2012, and was authorized to proceed *in forma pauperis* by this Court's Decision and Order filed on September 13, 2012. (Dkt. Nos. 1 and 9.) Defendants Fischer and Thomson filed their respective Answers to the Complaint on January 17, 2013. (Dkt. Nos. 21 and 22.) Fischer filed his motion to dismiss on the pleadings pursuant to Rule 12(c) a day later. (Dkt. No. 25.)

On January 22, 2013, Plaintiff sent a letter to the Clerk asking for a temporary restraining order against Thompson on the grounds that he was fearful for his safety and property once he was released from incarceration. (Dkt. No. 27.) Judge Sharpe treated Plaintiff's request as a motion for a preliminary injunction and denied the motion on the grounds that Plaintiff had not made the necessary showing for issuance of a mandatory injunction. (Dkt. No. 32.)

## III. ANALYSIS

### A. Legal Standard Governing a Rule 12(c) Motion for Judgment on the Pleadings

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Where a party is proceeding *pro se*, the court is obliged to "read [the *pro se* party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they

suggest." *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts remain obligated to construe *pro se* complaints liberally even after *Twombly*). Where a *pro se* complaint fails to state a cause of action, the court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

### B. Plaintiff's Official Capacity Claims For Money Damages Against the Defendant

Plaintiff has sued Defendant Fischer under 42 U.S.C. ¶ 1983 in both his individual and official capacity as Commissioner of DOCCS. (Dkt. No. 1 at ¶ 7.) Fischer seeks dismissal of Plaintiff's official capacity claim for money damages against him on Eleventh Amendment grounds. (Dkt. No. 25-1 at 5-6.) The Eleventh Amendment protects states against suits brought in federal court. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The immunity granted the states under the Eleventh Amendment extends beyond the states themselves to state agents and instrumentalities that are effectively arms of the state, *Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006), and bars all money damage claims against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985); *see also Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (an inmate plaintiff's claims for damages against individual Department of Correctional Services employees sued in their official capacities are considered claims against New York and, therefore, are barred by the

state's Eleventh Amendment immunity.) Therefore, the Court recommends that the Plaintiff's § 1983 claim for money damages brought against Fischer in his official capacity be dismissed on Eleventh Amendment grounds without leave to amend.

### C. Plaintiff's State Law Negligence Claim Against Fischer

Plaintiff's claim for relief against Fischer sounds in state law negligence. (Dkt. No. 1 at ¶¶ 42-47.) According to Plaintiff, Fischer knew or should have known that Thompson was potentially dangerous and owed a duty of care to Plaintiff to prevent Thompson from assaulting him. *Id*. at ¶¶ 43, 45. Plaintiff contends, upon information and belief, that Fischer's negligence in screening, hiring, training, disciplining, and retaining Thompson potentially caused Plaintiff's injuries. *Id*. at ¶ 46. Fischer argues correctly that he is entitled to dismissal of Plaintiff's state law claim for negligence under New York Corrections Law § 24. (Dkt. No. 25-1 at 6-7.)

Section 24 provides as follows:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

The statute precludes inmates from suing DOCCS employees in their personal capacity in New York State courts. *See Arteaga v. State*, 532 N.Y.S.2d 57, 62 (1988). The bar also applies to pendent state law claims in federal court because "[i]n applying pendent jurisdiction, federal

7

courts are bound to apply state substantive law to the state claim." *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir.1996) (citations omitted). "If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction . . . must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court." *Id.* at 15. *See Redd v. Wright*, No. 9:04-CV-00401 (PAM/RFT), 2006 WL 6907552, at *8, 2006 U.S. Dist. LEXIS 100971, at *25-26 (N.D.N.Y. Aug. 9, 2006) (claim for negligent failure to train and supervise based on state law dismissed under Corrections Law § 24 which precludes pendent state law claims against DOCCS officers and employees sued in their personal capacity in federal court for employment related activities).

In 2009, the United States Supreme Court found Corrections Law § 24 unconstitutional to the extent it precludes inmates from pursuing § 1983 claims. *Haywood v. Drown*, 556 U.S.729 (2009). However, the courts in this District have held that the *Haywood* decision does not affect the question of the district court's jurisdiction to hear pendent state law claims against DOCCS employees and have continued to dismiss those claims under Corrections Law § 24. *See O'Diah v. Fischer*, No. 08-CV-941 (TJM/DRH), 2012 WL 987726, at *21, 2012 U.S. Dist. LEXIS 39232, at *60 (N.D.N.Y. Feb. 28, 2012); *Joy v. New York*, No. 5:09-CV-841 (FJS/ATB), 2010 WL 3909694, at *4-5, 2010 U.S. Dist. LEXIS 104641, at *15-16 (N.D.N.Y. Sept. 30, 2010); *Gillard v. Rovelli*, No. 9:09-CV-0860 (NAM/GHL), 2010 WL 4905240, at *16, 2010 U.S. Dist. LEXIS 124737, at *47-48 (N.D.N.Y. Sept. 29, 2010); *Crump v. Ekpe,* No. 9:07-CV-1331, 2010 WL 502762, at *18, 2010 U.S. Dist. LEXIS 10799, at *61 (N.D.N.Y. Feb. 8, 2010). For the reasons set forth in those decisions, the Court recommends that Plaintiff's state law claim against Fischer for negligence be dismissed under Corrections Law § 24 without leave to amend.

8

### D. Claim Against Fischer Under § 1983

Although Plaintiff has labeled his claim against Fischer solely as one for negligence, given Plaintiff's *pro se* status, the Court is obligated to read his Complaint liberally and interpret it to raise the "strongest arguments [it] suggest[s]." *Burgos,* 14 F.3d at 790. The Court must therefore consider whether Plaintiff has stated a claim against Fischer under § 1983 for deliberate indifference to a known risk to Plaintiff's safety in violation of the Eighth Amendment.[2] The Eighth Amendment proscribes "cruel and unusual" punishments, *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and requires prison officials to "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). In order to state a cognizable failure to protect claim under § 1983, a plaintiff must set forth facts showing that (1) "he was incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference" to his safety. *Warren v. Goord*, 476 F. Supp. 2d 407, 410 (S.D.N.Y. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Deliberate indifference requires that the defendant official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and in fact "dr[e]w the inference." *Farmer*, 511 U.S. at 837; *see also Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (defendant official must "ha[ve] knowledge that an inmate faces a substantial risk of serious harm and . . . disregard[ ] that risk by failing to take reasonable measures to abate the harm."). Mere negligence is not enough to demonstrate deliberate indifference. *Id*.

---

[2] Mere negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986).

The law is clear that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). "Holding a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement." *Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT), 2012 WL 651919, at *6, 2012 U.S. Dist. LEXIS 25367, at *22-23 (N.D.N.Y. Feb. 28, 2012) (citing *McKinnon*, 568 F.2d at 934); *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (a "mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections . . . in a § 1983 claim" ) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)). Therefore, "a plaintiff must . . . allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

The Second Circuit has held that personal involvement by a supervisor necessary to state a claim under § 1983 may be found where: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to

act on information indicating that unconstitutional acts were occurring." *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995).

The factual allegations in Plaintiff's Complaint concerning Fischer – his general supervision of DOCCS facilities and promulgation and implementation, through senior officials, of policies regarding the use of force by uniformed staff, and the toleration of wide-spread and long-standing practices contrary to formal policies – expose Plaintiff's claim against Fischer as one for supervisory liability. (Dkt. No. 1 at ¶ 7.) Plaintiff's only factual allegations concerning Fisher that relate specifically to Thompson's alleged use of excessive force are his conclusory assertions that: (1) upon information and belief, Fischer knew or should have known that Thompson was potentially dangerous; and (2) upon information and belief, Fischer's negligence in screening, hiring, training, disciplining, and retaining Thompson was a potential cause of Plaintiff's injuries. *Id*. at ¶¶ 45-46. The Complaint is devoid of factual allegations showing personal involvement by Fischer in Thompson's alleged use of excessive force, or that Fischer acted with deliberate indifference with respect to Thompson's safety – that Fischer had knowledge that Plaintiff faced a substantial risk of serious harm from Thompson and disregarded that risk.[3] *Hayes*, 84 F.3d at 620.

Furthermore, conclusory claims that a supervisory official has failed to provide proper

---

[3] In order to "sufficiently allege supervisory liability based upon deliberate indifference, a plaintiff must show "(1) that the supervisor had actual or constructive notice that unconstitutional acts were occurring and deliberately failed to take corrective action and (2) that there is an affirmative causal link between the supervisor's inaction and the plaintiff's injury." *Ziemba v. Thomas*, 390 F. Supp. 2d 136, 144 (D. Conn. 2005) (citing *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002); *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989). The factual allegations in Plaintiff's Complaint are inadequate to make that showing with regard to Thompson's alleged use of excessive force.

11

training and supervision or created a policy, without facts showing personal involvement, are legally insufficient to state a claim under any of the categories identified in *Colon*. *See Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 348 (S.D.N.Y. 2011); *White v. Fischer*, No. 9:09-CV-240 (DNH/DEP), 2010 WL 624081, at *6, 2010 U.S. Dist. LEXIS 15492, at *19 (N.D.N.Y. Feb. 18, 2010) ("Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability."); *see also Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) (vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (dismissal of a § 1983 claim is proper where plaintiff does no more than allege defendant was in charge of the prison).

Given the absence of factual allegations in Plaintiff's Complaint that make a facially plausible showing of personal involvement by Fischer related to Thompson's alleged use of excessive force under any of the *Colon* categories, the Court recommends that Fischer's motion for judgment on the pleadings be granted, and that Plaintiff's Complaint be dismissed as against Fischer. However, in deference to Plaintiff's *pro se* status, the Court also recommends that the dismissal be without prejudice, and that Plaintiff be granted leave to amend.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant Fischer's Rule 12(c) motion for judgment on the pleadings (Dkt. No. 25) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's Complaint be dismissed as against Defendant Fisher

with leave to amend; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of the unpublished decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 28, 2013
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge