UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM ROUNDS,

                              Plaintiff,                    9:12-CV-00953
                                                                 (GLS/TWD)

    v.

C. O. THOMPSON, CORRECTION OFFICER,
BRIAN FISCHER, COMMISSIONER, NYS
DEPARTMENT OF CORRECTION AND
COMMUNITY SUPERVISION,

                              Defendants,

---

APPEARANCES:                                     OF COUNSEL:

WILLIAM ROUNDS
Plaintiff pro se

SHEEHAN, GREENE, GOLDERMAN       LAWRENCE H. SCHAEFER, ESQ.
and JACQUES, LLP
Attorney for Defendant Thompson
54 State Street
Albany, NY 12207

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

## I.    INTRODUCTION

This matter is presently before the Court to consider whether this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon pro se plaintiff William Rounds' failure to prosecute.

## II.    PROCEEDINGS TO DATE

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 in June 2012.

Plaintiff was granted leave to proceed *in forma pauperis* and the U.S. Marshal was directed to effect service of process on Defendants. (Dkt. No. 9.) Defendant Brian Fischer filed an answer on January 17, 2013. (Dkt. No. 21.) Defendant Corrections Officer Thompson filed an answer on January 17, 2013. (Dkt. No. 22.)

Thereafter Defendant Fischer filed a motion for judgment on the pleadings to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 25.) All discovery was stayed during the pendency of the motion. (Text Order 1/24/2013.)

In a Report-Recommendation of this Court filed May 28, 2013, it was recommended that Defendant Fischer's motion for judgment on the pleadings be granted without prejudice to Plaintiff filing an amended complaint. (Dkt. No. 33.) The Report-Recommendation was accepted in its entirety on June 20, 2013, and Plaintiff was given thirty days to amend his complaint. (Dkt. No. 35.)

Plaintiff never filed an amended complaint. Plaintiff did file a motion for preliminary injunction, which was denied. (Dkt. Nos. 27 and 32.) Plaintiff also filed four change of address notices. (Dkt. Nos. 8, 24, 27, and 31.) In the most recent change of address notice, dated January 29, 2013, and filed February 1, 2013, Plaintiff identified his address as 8 Pine Ridge Circle, North Syracuse, NY 13212. (Dkt. No. 31.)

Defendant Thompson filed a letter motion on July 15, 2013, requesting a court conference. (Dkt. No. 36.) By Text Order of July 16, 2013, this Court granted Defendant's letter motion and scheduled a telephone conference for August 12, 2013. (Dkt. No. 37.) In that Text Order, Plaintiff was directed to notify the Court by August 5, 2013, of a telephone number where he could be reached for the conference. *Id.* Plaintiff failed to notify the court of his telephone number.

Thereafter, by Text Order of July 16, 2013, this Court once again directed Plaintiff to notify the

2

Court by August 23, 2013, of a telephone number where he could be reached. (Dkt. No. 38.) Plaintiff was also advised that if he failed to provide the Court with his telephone number as directed, an order to show cause could be issued directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute. *Id.*

On October 8, 2013, an order to show cause was issued by this Court directing Plaintiff to provide his phone number to the Court and show good cause why the Court should not recommend that this action be dismissed for failure to prosecute by November 8, 2013. (Dkt. No. 29.)

As of the date of this Report and Recommendation, Plaintiff has failed to contact the Court with his telephone number or show good cause why the action should not be dismissed for failure to prosecute. Plaintiff has also failed to otherwise communicate with the Clerk regarding this action.

### III.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, at *2, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these

---

[1] The Court will provide Plaintiff with copies of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

3

rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff last communicated with the Clerk of the Court regarding this action by letter dated January 29, 2013, which was filed on February 1, 2013, more than nine months ago. (Dkt. No. 31.) A partial filing fee was paid on February 6, 2013, also more than nine months ago. (2/6/2013 Docket Entry.) Despite prodding from the Court, Plaintiff has not communicated with the Court or counsel since that time. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, at *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff not only failed to notify the Court of a telephone number so he could participate in a telephone conference, *see* Dkt. No. 37, he also failed to communicate with the

4

Court regarding this action when explicitly directed to do so by the Court in the follow up Text Order of August 9, 2013, and the order to show cause of October 8, 2013. (Dkt. Nos. 38 and 39.) Clearly, Plaintiff still has not communicated with the Court after having been placed on notice that his failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice the remaining Defendant. The events giving rise to Plaintiff's claims occurred in March 2011, and Defendant has not yet deposed Plaintiff. Further delay may well affect Defendant's ability to locate witnesses (who might retire from, or be transferred within, the Department of Corrections and Community Supervision), and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for prisoner civil rights cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them

to be inadequate under the circumstances.

## IV. CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by Plaintiff to pursue his claims in this action since notifying the Court of a change of address in a letter dated January 29, 2013. (Dkt. No. 31.) Of note, in that notification Plaintiff also requested an extension of time to file a response to Defendant Fischer's motion for judgment on the pleadings, which was granted. (*See* Dkt. No. 31 and Text Order 2/4/2013.) Thereafter, Plaintiff did not file any papers in opposition to Defendant Fischer's motion. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge his level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

**RECOMMENDED** that this action shall be **DISMISSED without prejudice**, for failure to prosecute; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report and Recommendation on the parties in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: December 17, 2013
      Syracuse, NY

_____
Thérèse Wiley Dancks
United States Magistrate Judge